IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS HEALTH AND WELFARE FUND and JOSEPH BAKES, STEPHEN F.G. BRIDGE, JUAN CAMPOS, GREGORY R. FOSTER, WILLIAM KEENAN, JOHN NAUGHTON, STEPHEN E. POCZTOWSKI, and PHILLIP D. STANOCH, as Trustees, <br><br> Plaintiffs, <br><br> v. <br><br> RAFEEQ H. BILAL, <br><br> Defendant. | FILED: SEPTEMBER 3, 2008 <br> 08CV5027 <br> JUDGE COAR <br> MAGISTRATE JUDGE BROWN <br> PH <br><br> CIVIL ACTION <br><br> NO. <br><br> JUDGE |

## COMPLAINT

The Plaintiffs, LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS HEALTH & WELFARE FUND, and JOSEPH BAKES, STEPHEN F.G. BRIDGE, JUAN CAMPOS, GREGORY R. FOSTER, WILLIAM KEENAN, JOHN NAUGHTON, STEPHEN E. POCZTOWSKI, and PHILLIP D. STANOCH, as Trustees, by their attorneys, complaining of the Defendant, RAFEEQ H. BILAL ("Bilal"), allege as follows:

1. This action arises under the statutory and federal common law of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* Jurisdiction is founded on the existence of questions arising thereunder pursuant to 28 U.S.C. § 1331.

2. Plaintiffs, JOSEPH BAKES, STEPHEN F.G. BRIDGE, JUAN CAMPOS, GREGORY R. FOSTER, WILLIAM KEENAN, JOHN NAUGHTON, STEPHEN E. POCZTOWSKI, and PHILLIP D. STANOCH, bring this action in their capacity as Trustees of the

LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS HEALTH & WELFARE FUND, which is an "employee welfare benefit plan," within the meaning of ERISA, Plaintiff Trustees being the now-acting fiduciaries thereof administering said employee welfare benefit plan with this District. The employee welfare benefit plan has been established pursuant to a collective bargaining agreement heretofore entered into between the Local 705 International Brotherhood of Teamsters and certain employers and employer associations whose members employ members of said Union, and is required to be maintained and administered in accordance with the provisions of the Labor-Management Relations Act of 1947, as amended, and ERISA.

3. The Fund is administered and maintains its principal place of operation at 1645 West Jackson Boulevard, Chicago, Illinois 60612-3227.

4. Defendant was a "participant" within the meaning of ERISA, eligible for benefits pursuant to the provisions of the Local 705 International Brotherhood of Teamsters Health and Welfare Plan of the Local 705 International Brotherhood of Teamsters Health & Welfare Fund (hereinafter referred to as the "Plan") at all relevant times as hereinafter more fully appears.

5. Pursuant to the terms of the Plan, Plaintiffs provide medical benefits for eligible participants and their dependents to cover portions of the cost of medical bills, hospitalization expenses, medical treatments, and medical supplies. The basis upon which such benefits are to be provided is set forth in the provisions of the Plan. (A copy of Section 2.17 "Right of Subrogation and Authorization of Reimbursement" is attached hereto as Exhibit A).

6. On November 21, 2003, Bilal sustained a head injury while employed by DHL.

7. On or about January 22, 2004, an Application for Adjustment of Claim (Application for Benefits) was filed on behalf of Bilal with the Illinois Industrial Commission, n/k/a Illinois

Workers' Compensation Commission. (A copy of the Application for Adjustment of Claim is attached hereto as Exhibit B).

8. On January 31, 2004, Bilal signed a "Reimbursement and Subrogation Agreement" acknowledging that payments for medical expenses had been and would be made on his behalf by the Plaintiffs under the provisions of the Health and Welfare Plan of the Local 705 International Brotherhood of Teamsters Health and Welfare Fund as a result of the head injury sustained in the work-related accident described in Paragraph 6 above. The Defendant further agreed to reimburse the Plaintiffs in accordance with the Plan to the extent of any net recovery of benefits paid by the Plaintiffs as a result of legal action or settlement. (A copy of the Reimbursement and Subrogation Agreement is attached hereto as Exhibit C).

9. The Plaintiffs paid $5,642.93 in medical expenses on behalf of Bilal for the head injury he sustained in the work-related accident on November 21, 2003. In addition, Bilal received $7,150.00 for short-term disability benefits.

10. Fringe benefit contributions are due the Welfare Fund and Pension Fund in the respective amounts of $8,448.00 and $8,496.00 on Bilal's behalf to cover his continued eligibility for benefits in those Funds during the period in which he was off work due to his work-related accident on November 21, 2003.

11. On April 21, 2008, the Illinois Workers' Compensation Commission approved a settlement in Case Nos. 04 WC 03220 and 04 WC 05155. The total amount of $117,000.00 was obtained on behalf of the Bilal from DHL and its workers' compensation insurer, Specialty Risk Services. (A copy of the Settlement Contract Lump Sum Petition and Order is attached hereto as Exhibit D).

10. Despite numerous demands made upon the Defendant by counsel for the Plaintiffs, Bilal has failed and refused to reimburse the Plaintiffs for the payments made on his behalf as described in Paragraphs 9 and 10.

11. Bilal's refusal to reimburse the Plaintiffs violates the provisions of the Plan and the terms of the Reimbursement and Subrogation Agreement and unjustly enriches Bilal.

WHEREFORE, Plaintiffs pray:

A. That the Court enter judgment finding that Bilal violated the terms and provisions of the Health and Welfare Plan of the Local 705 International Brotherhood of Teamsters Health and Welfare Fund and the terms of the Reimbursement and Subrogation Agreement and Bilal has been unjustly enriched and Plaintiffs are entitled to restitution.

B. That a constructive trust be created on Plaintiffs' behalf for the total amount of medical, short-term disability and fringe benefit contribution payments made by the Plaintiffs on behalf of Bilal in the amount of $29,736.93.

C. That judgment be entered finding that Plaintiffs may offset any future claims submitted by Bilal, pursuant to the provisions of the Health and Welfare Plan of the Local 705 International Brotherhood of Teamsters Health and Welfare Fund, until the total amount of $29,736.93 is satisfied by offset and/or post-judgment proceedings.

D. That the Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Bilal's cost.

/s/   Catherine M. Chapman

Catherine M. Chapman
Cecilia M. Scanlon
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 W. Adams Street, Suite 2200
Chicago, IL   60606-5231
Bar No.: 6204026
Telephone: 312/236-4316
Facsimile: 312/236-0241
E-mail: cchapman@baumsigman.com

I:\705w\Subro\Bilal\complaint.cmc.df.wpd

```
08CV5027
JUDGE COAR
MAGISTRATE JUDGE BROWN

PH
```

# EXHIBIT A

# LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS HEALTH & WELFARE PLAN

AS AMENDED AND RESTATED EFFECTIVE JANUARY 1, 1999

# LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS

## HEALTH & WELFARE PLAN

As Amended and Restated
Effective January 1, 1999

# LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS

## HEALTH & WELFARE FUND

### RESTATED

### HEALTH & WELFARE PLAN OF BENEFITS

#### PREAMBLE

This Restated Health and Welfare Plan of Benefits provided by Local 705 International Brotherhood of Teamsters Health & Welfare Fund replaces all previous Plans of Benefits and incorporates all amendments to previous Plans of Benefits and all resolutions adopted by the Board of Trustees.

E.  Benefits shall be payable only for expenses incurred as the result of care and treatment provided to an individual solely as the result of a non-occupational accidental bodily Injury or Sickness unless a particular type of expense which would normally be excluded by this provision is specifically included as a Covered Expense or is specified as payable in any applicable provision of this document.

F.  Medical Benefits shall be payable only for expenses which are Medically Necessary and required in connection with the care and treatment of an individual as a result of Injury or Sickness.

G.  Benefits shall be payable only for expenses which are incurred upon the recommendation of, or with the approval of, a Physician.

2.16  **Pre-Existing Condition**

No payment will be made for charges incurred for a Pre-Existing Condition. The Pre-Existing Condition will be covered the same as any other Sickness after the Eligible Individual has worked in Covered Employment for twelve (12) consecutive months.

A Pre-Existing Condition is a Sickness or Injury (or any related condition) for which an Eligible Employee or Eligible Dependent received medical advice, care and/or treatment within the three-month period prior to the effective date of coverage. Pregnancy is not a Pre-Existing Condition for the purposes of this Plan. This limitation will not apply, or will be shortened, if the Eligible Individual provides a certificate of creditable coverage proving that he was covered under another plan during the period immediately before becoming eligible under this Plan.

2.17  **Right of Subrogation and Authorization of Reimbursement**

A.  For the purposes of this provision, "another source" or "other source" shall mean and include, but not be limited to, an employee welfare plan or arrangement, a medical and hospital benefit plan, a no-fault or other automobile insurance policy,

II-8

B. Therefore, unless it is against the law or public policy, an Eligible Individual's entitlement to benefits from the Fund shall be conditioned upon the following terms and provisions:

1. In the event that benefits are paid by the Fund to or on behalf of an Eligible Individual for Covered Expenses incurred by the Eligible Individual for Hospital and medical services and supplies provided as a result of or in connection with an Injury, Sickness, accident or condition and such Eligible Individual recovers or is entitled to recover from another source all or a part of such incurred expenses, the Eligible Individual's right to recovery of all or part of such expenses from another source shall become the Fund's and the Fund shall be entitled to reimbursement of such payments in full, but not more than the amount actually recovered from such other source.

2. An Eligible Individual shall protect the Fund's right to reimbursement for benefits paid, shall do everything that is necessary to enable the Fund and the Trustee to bring about effective recovery of such benefits paid, and shall assist and cooperate with representatives designated by the Fund in the pursuance of its right under this provision.

an uninsured or underinsured motorist provision or medical pay provision of the Eligible Individual's automobile insurance policy, an employer under a Workers' Compensation or Occupational Diseases Act or act of similar import, or a third party tortfeasor. (Notwithstanding this provision, benefits shall not be deemed to be payable under the Plan for medical or hospital care, the need for which arose out of and in the course of the Eligible Individual's employment or for which the Eligible Individual is entitled to benefits under a Workers' Compensation or Occupational Diseases Act.)

II-9

3. The Eligible Individual's entitlement to benefits from the Fund shall be further conditioned upon the execution by the Eligible Individual, or by someone legally qualified and authorized to act in that individual's stead or, if the Eligible Individual is a minor, by such minor's guardian, of all documents required by the Fund, including a subrogation agreement and an agreement not to assign to any other person the Eligible Individual's right of recovery of medical or Hospital expenses paid by the Fund. The Eligible Individual's attorney must also execute the subrogation agreement.

   a. In the event the Eligible Individual purports to assign the right to recovery of benefits to which this Fund is subrogated, the Fund shall have the right to petition any court of competent jurisdiction for appropriate relief on the basis that the Eligible Individual's purported assignment is void and that a constructive trust be established in favor of the Fund over any amounts recovered from another source for Hospital or medical services for which benefits were paid by the Fund.

   b. The Eligible Individual (or guardian, if appropriate) shall be obligated to reimburse the Fund all benefits paid to the Eligible Individual's assignee which are not reimbursed to the Fund.

4. No benefits shall be payable by the Fund if an Eligible Individual (or guardian, if appropriate) fails to execute a subrogation agreement or otherwise fails to cooperate with the Fund in the pursuance of its rights under this subrogation provision.

5. If the Eligible Individual (or guardian, if appropriate) institutes an action against another source, the Fund shall be entitled to intervene and participate in such action, but shall not be required to do so.

II-10

6. If the Eligible Individual (or guardian, if appropriate) fails or refuses to institute the action against another source within a reasonable time, the Fund shall be entitled to do so in the name of the Eligible Individual for the purpose of recovering amounts due pursuant to this subrogation provision. In the event of a settlement or a recovery by the Eligible Individual from another source as a result of such action, the Fund's expenses, costs and incurred attorneys' fees shall be reimbursed out of such settlement or recovery.

7. If the Plan pays benefits on a claim and an Eligible Individual receives payments or settlement from another source which is responsible for the expenses for which the benefits were paid, and if the Eligible Individual (or guardian, if appropriate) does not repay the Plan the amounts due pursuant to this subrogation provision, the Plan shall have the right to reduce any future benefits that the Eligible Employee and his Eligible Dependents may be entitled to on future claims until the proper amount shall have been recovered by the Plan.

8. In the event that it is determined to the satisfaction of the Trustees that there is no, or there can be no, recovery against another source, the Fund's right to subrogation shall be waived and the Fund shall pay its normal benefits for the incurred Covered Expenses.

2.18 **Circumstances Under Which a Claim May Be Denied**

The following list outlines some of the reasons or circumstances under which all or part of a claim may be denied by the Trustees. Claims may be denied, in whole or in part, for other reasons, if so determined by the Trustees, in their sole discretion:

A. The individual on whose behalf the claim was filed was not eligible for benefits on the date the expenses were incurred.

II-11

**EXHIBIT B**

# ILLINOIS INDUSTRIAL COMMISSION
## APPLICATION FOR ADJUSTMENT OF CLAIM (APPLICATION FOR BENEFITS)

Workers' Compensation Act ✓   Occupational Diseases Act ___

Rafeeq H. Bilal
_____
Employee/Petitioner

v.

DHL Airborne Express
_____
Employer/Respondent

Case # (Office use only) _____

ATTENTION. Please type or print. Complete all questions. File three copies of this form.
Fatal case? No ✓ Yes ___ Date of death _____

19B IMMEDIATE

05220

Employer's name  DHL Airborne Express   2248 23rd Avenue, Broadview, IL 60155
                                         Street address                City       State  Zip code

Injured employee's name¹ Rafeeq H. Bilal   4500 Western, Lisle, IL 60532
                                            Street address         City   State  Zip code

Employee information: Social Security # 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   Birthdate 4/1/1942   Male ✓ Female ___  Married ✓ Single ___

# Dependents under age 18  0

Date of accident ² 11/31/2003   Location of accident or last exposure  Villa Park, Illinois
                                                                        City              State

Date of accident 2 _____   The employer was notified of the accident orally ✓ in writing ___.

How did the accident occur? Accident occurred while loading freight onto truck.

What part of the body was affected? Head injury and eye injury.

What is the nature of the injury? Head and blurred eye vision. Return-to-work date³ 1/30/04   Average weekly wage $ 902

Is a Petition for an Immediate Hearing attached? Yes ✓ No ___

Is the injured employee currently receiving Temporary Total Disability benefits? Yes ___ No ✓

If a prior application was ever filed for this employee, list the case number and its status  NA

ATTENTION, PETITIONER. This is a legal document. Be sure all blanks are completed correctly and you understand the statements before you sign this. Refer to the Commission's Handbook on Workers' Compensation and Occupational Diseases⁴ for more information.

_Rafeeq H. Bilal_   01/22/2004
Signature of Petitioner   Date

### APPEARANCE OF PETITIONER'S ATTORNEY
Please attach a copy of the Attorney Representation Agreement.

_Karris A. Bilal_
Signature of attorney

Karris A. Bilal  3057       3 Emily Ct.     Bolingbrook, Illinois 60490   (815) 609-1558
Attorney's name and IIC attorney code number⁵ (please print)   Street address   City   State   Zip code   Telephone number

The Bilal Law Firm
Firm name

ICI 6/99   100 W. Randolph Street #8-200 Chicago, IL 60001  312/814-6611   Peoria 309/671-3019   Rockford 815/987-7292   Springfield 217/785-7084

**EXHIBIT C**

# REIMBURSEMENT AND SUBROGATION AGREEMENT

MEMBER/EMPLOYEE NAME: __RAFEEQ BILAL__

SOCIAL SECURITY NUMBER: __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__

NAME OF PATIENT: __RAFEEQ BILAL__

RELATIONSHIP TO MEMBER: __SELF__   DATE OF CLAIM: __11/21/03__

DIAGNOSIS, INJURY OR ILLNESS DESCRIPTION: __W/C - HEAD INJURY__

I am a participant, spouse and/or dependent child under the Local 705 International Brotherhood of Teamsters Health & Welfare Fund ("Fund"). I acknowledge that the Fund Plan makes payment of Fund benefits, including weekly sick/accident payments, secondary or excess to any third party liability insurance, self insurance or my automobile insurance policy's no fault provision (if there is such a policy), with regard to any person who caused or contributed to my injuries or illness for which a claim is being made with the Fund.

I also acknowledge that the Fund excludes from coverage benefits, including weekly sick/accident payments for injuries or illness arising out of the course of my employment or which may be compensable under any workers' compensation act or occupational disease act.

In consideration of the Fund paying benefits before there has been a final decision on the issue of third party or employer liability, I hereby agree that any and all monies due from any party (including an insurance company), by reason of any claim, demand, suit or settlement (including workers' compensation) arising out of my injuries or illness shall be subrogated to the Fund for all payments, including weekly sick/accident, which it made, and further that out of any and all monies received from any party (including workers' compensation) arising out of my injuries or illness, I shall first reimburse the Fund for all payments, including weekly sick/accident, which it made.

I, and my attorney, also agree that the Fund has not retained my attorney to represent it in collecting any monies, and that no costs or attorneys' fees will be sought against or from the Fund by reason of my compliance with the terms of this Agreement.

_____   1-31-04
(Signature of Employee)   (Date)

Rafeeq H. Bilal
(Printed Name of Employee)

_____   1-31-04
(Signature of Spouse for Self and/or Minor Dependent Child)   (Date)

_____   _____
(Signature of Dependent Child who is not a Minor)   (Date)

_____
(Signature of Attorney)

Karris A. Bilal
(Printed Name of Attorney)

3 Emily ct
(Address)

Bolingbrook, IL 60490
(City, State, Zip Code)

(815) 609-1558
(Area Code, Telephone Number)

**EXHIBIT D**

# ILLINOIS WORKERS' COMPENSATION COMMISSION
## SETTLEMENT CONTRACT LUMP SUM PETITION AND ORDER

ATTENTION. Please type or print. Answer all questions. File four copies of this form. Attach a recent medical report.

Workers' Compensation Act ☒   Occupational Diseases Act ☐   Fatal case? No ☒ Yes ☐   Date of death _____

**Rafeeq H. Bilal**
Employee/Petitioner

v.   Case # **04 WC 3220 & 04 WC 5155**

**DHL/Airborne Express**
Employer/Respondent                                          Setting **DuPage**    Arbitrator **O'Malley**

To resolve this dispute regarding the benefits due the petitioner under the Illinois Workers' Compensation or Occupational Diseases Act, we offer the following statements. We understand these statements are not binding if this contract is not approved.

**Rafeeq H. Bilal**                                         **2248 23rd Ave.**              **Broadview, IL  60155**
Employee's name                                             Street address                  City, State, Zip code

**DHL/Airborne Express**                                    **4500 Western Ave.**           **Lisle, IL  60532**
Employer's name                                             Street address                  City, State, Zip code

Employee's Social Security # **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**    Birthdate **4/1/42**   Male ☒ Female ☐   Married ☒ Single ☐   Average weekly wage $ **902.00**

# Dependents under age 18 **0**

Date of accident **1/8/03, 11/21/03**   How did the accident occur? **lifting**

What part of the body was affected? **head and eye**   What is the nature of the injury? _____

The employer was notified of the accident orally ☒   in writing ☐.
Location of accident **Villa Park, IL**   Did the employee return to his or her regular job? Yes ☐ No ☒   Return-to-work date **N/A**
If not, explain below and describe the type of work the employee is doing, the wage earned, and the current employer's name and address.

**TEMPORARY TOTAL DISABILITY BENEFITS:** Compensation was paid a total of $ **3,305.56**
The employee was temporarily totally disabled from **Disputed** through _____
TTD **8 2/7 weeks**   Permanent disability **0**   Medical expenses **$1,052.50**   Other **0**

**MEDICAL EXPENSES:** The employer has ☐ has not ☒ paid all medical bills. List unpaid bills in the space below.

**PREVIOUS AGREEMENTS:** Before the petitioner signed an *Attorney Representation Agreement*, the respondent or its agent offered in writing to pay the petitioner $ **- 0 -** as compensation for the permanent disability caused by this injury.
An arbitrator or commissioner of the Commission previously made an award on this case on **5/11/04** regarding _____

ICS 12/04   100 W. Randolph Street #8-200  Chicago, IL 60601  312/814-6611  Toll-free 866/352-3033   Web site: www.iwcc.il.gov
Downstate offices: Collinsville 618/346-3450  Peoria 309/671-3019  Rockford 815/987-7292  Springfield 217/785-7084
Disclosure of this information to the Commission is done voluntarily under 820 ILCS 305/6(b).

**TERMS OF SETTLEMENT:** Attach a recent medical report signed by the physician who examined or treated the employee.

The respondent offers as a compromise of disputed issues and the petitioner agrees to accept the sum of $117,000.00 as full, final and complete settlement of any and all claims for compensation, medical surgical, and hospital expenses due or to become due as a result of accidents occurring 1/8/03 and 11/21/03 and any and all known or unknown re-injuries and subsequent aggravations to date hereof which allegedly resulted from or began with said accidents. This settlement is based on approximately 41% LOU of the MAW. Right to review under Sections 19(h) and 8(a) is hereby expressly waived. This settlement contract is cancelled and void at option of respondent if not approved and returned within 45 days of date appearing opposite respondent's attorney's signature.

The petitioner asserts that he has not applied for and is not currently receiving Medicare and that he has not applied for and is not currently receiving SSDI. The petitioner will indemnify and hold respondent harmless for any claims by Medicare for payment of medical bills.

The respondent retains and reserves all rights under Section 5 of the Act.

| | |
|---|---|
| Total amount of settlement | $117,000.00 |
| Deduction: Attorney's fees | $ |
| Deduction: Medical reports, X-rays | $ |
| Deduction: Other (explain) | $ |
| Amount employee will receive | $ 117,000 |

**PETITIONER'S SIGNATURE.** *Attention, petitioner. Do not sign this contract unless you understand all of the following statements.* I have read this document, understand its terms, and sign this contract voluntarily. I believe it is in my best interests for the Commission to approve this contract. I understand that I can present this settlement contract to the Commission in person. I understand that by signing this contract, I am giving up the following rights:

1. My right to a trial before an arbitrator;
2. My right to appeal the arbitrator's decision to the Commission;
3. My right to any further medical treatment, at the employer's expense, for the results of this injury;
4. My right to any additional benefits if my condition worsens as a result of this injury.

*[signature]* Rafeeq H. Bilal
Signature of petitioner    Name of petitioner (please print)

**PETITIONER'S ATTORNEY.** I attest that any fee petitions on file with the IWCC have been resolved. Based on the information reasonably available to me, I recommend this settlement contract be approved.

*[signature]*    4-18-08   Karris A. Bilal     708 345 7417
Signature of attorney    Date   Attorney's name and IC code # (please print)    Telephone number

The Bilal Law Firm
Firm name

3 Emily Ct.
Street address

Bolingbrook, IL 60490
City, State, Zip code

815-609-1558
Telephone number     E-mail address

**RESPONDENT'S ATTORNEY.** I attest that any fee petitions on file with the IWCC have been resolved. The respondent agrees to this settlement and will pay the benefits to the petitioner or the petitioner's attorney, according to the terms of this contract promptly after receiving a copy of the approved contract.

*[signature]*     4-18-08   Robert J. Cozzi
Signature of attorney or agent    Date   Attorney's name and IC code # or agent (please print)   Telephone number

Gailliani, Doell & Cozzi, Ltd.
Firm name

20 N. Clark Suite 1800
Street address

Chicago, IL 60602
City, State, Zip code

312-726-2181
Telephone number    E-mail address

Name of respondent's insurance or service company (please print)

APPROVED BY AUTHORITY OF THE
ILLINOIS WORKERS' COMPENSATION COMMISSION
pursuant to the provisions of the Workers'
Compensation and Workers'
Occupational Diseases Acts

APR 21 2008

**ORDER OF ARBITRATOR OR COMMISSIONER:** Having carefully reviewed the terms of this contract, in accordance with Section 9 of the Act, by my stamp